IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NICK LEE SOTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-349 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Nick Lee Soto, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his March 2004 conviction and sentence for indecency with a child. Soto is represented by counsel in this petition. The respondent has moved for summary judgment on the ground that this federal petition was filed too late under 28 U.S.C. § 2244(d)(1). (Docket Entry No. 7). Soto has filed a response (Docket Entry No. 10), asserting that he is entitled to equitable tolling.

Based on the pleadings, the motion, the record, and the applicable law, this court grants the motion for summary judgment and by separate order enters final judgment. The reasons are set out below.

**I.   Background**

Soto pleaded not guilty to an indictment charging him with indecency with a child. A jury found him guilty. On March 24, 2004, Soto was sentenced to four years in prison and assessed a $5,000 fine. The Fourteenth Court of Appeals of Texas affirmed the conviction on August 2, 2005. *Soto v. State*, No. 14-04-00298-CR, slip op. (Tex. App.–Houston [14th Dist.], pet. ref'd.). Soto filed a petition for discretionary review, which was refused on March 29, 2006. *Soto v. State*, PDR No.

1823-05. Soto filed a state habeas application on July 2, 2007, which the Court of Criminal Appeals denied, without hearing or written order, on the findings of the trial court, on November 21, 2007. Soto filed this federal petition on January 30, 2008.

Soto contends that his conviction was obtained through the use of evidence seized under an unlawful detention and arrest and that he was deprived of effective assistance of trial counsel. In particular, Soto argues that his counsel failed to pursue and obtain a ruling on his motion to suppress, failed to object to the admissibility of evidence – baby wipes and a paper towel – found in his car; and influenced him to stipulate to the introduction of the DNA evidence found on the baby wipes and paper towel. The respondent does not address the claims on the merits but claims that the petition is time-barred.

## II.     The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996.

The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Soto's conviction became final on June 27, 2006, when the time for filing a petition for a writ of certiorari from the Court of Criminal Appeals's March 29, 2006 refusal of his petition for discretionary review expired. Soto had until June 27, 2007, to file his federal habeas petition. Although the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be construed toward any period of limitation under this subsection," 28 U.S.C. § 2244(d)(2), Soto's state habeas application did not toll the limitations period because he did not file it until after the limitations period expired. When Soto filed this federal petition on January 30, 2008, it was seven months too late.

Soto seeks equitable tolling. He argues that he did not want to apply to the state court for habeas relief earlier because he was asking the state court to grant him "shock probation." Soto's hope of obtaining shock probation does not present a "rare and exceptional circumstance" that would warrant equitable tolling. *See Larry v. Dretke,* 361 F.3d 890, 896-97 (5th Cir. 2004); *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1998). Because neither statutory nor equitable tolling applies, Soto's federal habeas petition was filed outside the statutory limitations period and is untimely.

### III. Conclusion

The respondent's motion for summary judgment dismissing Soto's challenges to his 2004 conviction as time-barred is granted. This case is dismissed. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. at 484. The Court in *Slack* established a two-prong test when the denial of relief is based on procedural grounds. *Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Soto has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED on March 3, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge